JS 44 (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Timothy Sanocki

## DEFENDANTS
Serco Group PLC, Serco Inc., Raquel Sanchez, Keith Hulbert and Mike Henry

(b) County of Residence of First Listed Plaintiff: San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David S. Secrest    (650) 726-7461
Law Offices of David S. Secrest
504 Plaza Alhambra, Suite 201 (P.O. Box 1029)
El Granada, California 94081-1029

Attorneys (If Known)
Dana L. Peterson/Michael J. Burns/Sharon Ongerth Rossi
SEYFARTH SHAW LLP    (415) 397-2823
560 Mission Street, Suite 3100
San Francisco, California 94105

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) Multiple Defendants    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1* | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [x] 6 |

*Def. Sanchez is a sham Def. & citizenship must be disregarded

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS - PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a)
Brief description of cause:
Wrongful term; violation of CFRA, retaliation, discrimination and intentional infliction of emotional distress

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

SEYFARTH SHAW LLP
Dana L. Peterson (State Bar No. 178499) (dpeterson@seyfarth.com)
Michael J. Burns (State Bar No. 172614) (mburns@seyfarth.com)
Sharon Ongerth Rossi (State Bar No. 232725) (srossi@seyfarth.com)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
SERCO GROUP PLC, SERCO, INC., improperly sued as
SERCO, INC. DE; RAQUEL SANCHEZ;
KEITH HULBERT; and MIKE HENRY

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SANOCKI, | Case No. _____ |
| Plaintiff, | [Removed from San Francisco Superior Court Case No. CGC-07-465608] |
| v. | **NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a) (DIVERSITY JURISDICTION)** |
| SERCO GROUP PLC, SERCO, INC. DE, PAUL CARPMAEL, an individual, RAQUEL SANCHEZ, an individual, KEITH HULBERT, an individual, MIKE HENRY, an individual, and DOES 1-50, inclusive, | |
| Defendants. | |

TO THE UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) and 1446, SERCO INC., improperly sued as SERCO, INC. DE ("Serco Inc."), SERCO GROUP PLC ("Serco Group"), RAQUEL SANCHEZ ("Sanchez"), KEITH HULBERT ("Hulbert"), and MIKE HENRY ("Henry") (collectively "Defendants") hereby remove the above referenced action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

/ / /

/ / /

- 1 -
NOTICE OF REMOVAL

## SUMMARY OF ACTION

1. This removal involves an action that was filed in the Superior Court of the State of California for the County of San Francisco, entitled *Timothy Sanocki v. Serco Group PLC, Serco, Inc., De, Paul Carpmael, Raquel Sanchez, Keith Hulbert, Mike Henry, et al.*, Case No. CGC-07-465608. *See* Attached hereto as **Exhibits A** and **B,** to the Declaration of Sharon Ongerth Rossi ("Rossi Dec.") are a true and correct copy of Plaintiff's Complaint and First Amended Complaint, respectively. Plaintiff's First Amended Complaint contains five causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Violation of Rights under the California Family Rights Act ("CFRA"); (3) Discrimination and Discharge in Violation of the CFRA; (4) Retaliation in Violation of the CFRA; and (4) Intentional Infliction of Emotional Distress. *See id.*

## REMOVAL JURISDICTION

2. <u>Legal Framework</u>. This Court has original jurisdiction over this action under 28 U.S.C. §1332 because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In support of this removal, Defendants make the following showing:

3. <u>Developments that Render the Case Removable</u>. In an important decision bearing directly on this removal and this Court's diversity jurisdiction, the California Supreme Court, on March 3, 2008, issued a decision in *Jones v. Lodge at Torrey Pines Partnership et al.*, 42 Cal. 4th 1158 (2008), a copy of this decree is attached at the Rossi Dec. at **Exhibit C**. In *Torrey Pines*, the California Supreme Court held that an individual supervisor may not be held personally liable for retaliation under the Fair Employment and Housing Act. The California Supreme Court denied rehearing and remittitur on April 30, 2008. Accordingly, the *Torrey Pines* holding became final on April 30, 2008. As a result of *Torrey Pines*, Plaintiff's Complaint does not contain any cause of action against Defendant Sanchez that could possibly lead to the imposition of liability in her individual

1  capacity. Therefore, Sanchez's citizenship should be disregarded for determining whether the parties are diverse for purposes of removal.[1]

4. <u>Removal is Timely</u>. This Notice is filed within 30 days after the *Torrey Pines* ruling became final and less than a year after July 30, 2007—the date on which Plaintiff filed his Complaint. Thus, removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a) because Defendants filed this petition less than a year after Plaintiff filed his Complaint. Further, Defendants filed this petition within thirty days from the date they learned of information unequivocally establishing that Plaintiff's claim of retaliation against Sanchez was not actionable. *See Mattel v. Bryant*, 441 F.Supp.2d 1081, 1089-90 (C.D. Cal. 2005)(notice of removal timely when filed within thirty days after Defendant learned of "unequivocally clear and certain information" supporting removal).

## DIVERSITY JURISDICTION

5. <u>Grounds for Jurisdiction</u>. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is an action between citizens of different states wherein the amount in controversy is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. <u>Plaintiff's Citizenship</u>. Defendants are informed and believe that Plaintiff is, and has been at all times since the commencement of this action, a citizen and resident of State of California, San Francisco County. *See* Plaintiff's First Amended Complaint, ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

7. <u>Defendant Carpmael's Citizenship is Irrelevant</u>. Carpmael is no longer a party to this action as Plaintiff dismissed all claims against Carpmael on December 19, 2007. *See*

---

[1]/ Indeed, because of the *Torrey Pines* decision, all individually named Defendants should be dismissed from this civil action because no liability can possibly be assessed against them in their individual capacity.

- 3 -
NOTICE OF REMOVAL

1 | **Exhibit D** to Rossi Dec. As such, Carpmael's citizenship is irrelevant for purposes of this Removal.

      8.    <u>Defendant Serco Inc.'s Citizenship</u>. Plaintiff names Serco Inc. as a defendant in each of his five causes of action. *See* Plaintiff's First Amended Complaint, ¶¶ 46-79. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Serco Inc. is incorporated in New Jersey. *See* Rossi Dec., ¶ 8. As such, it is a citizen of New Jersey.

      A corporation's principal place of business is determined by using one of two tests—the "place of operations" test and the "nerve center" test. *See e.g.*, *Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990). The "place of operations" test examines which state "contains a substantial predominance of corporate operations." *Id.* at 1092. The Ninth Circuit "applies the place of operations test unless the [company's] activities do not substantially predominate in any one state." *Tosco Corp. v. Comm. For a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Courts in the Ninth Circuit analyze "a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place." *Tosco Corp.*, 236 F.3d at 500. Another relevant factor is the location of the defendant's executive and administrative functions. *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003).

      Serco Inc. is registered to business in nearly all fifty states. However, its central operations, major business units and corporate headquarters are located in Virginia. *See* Rossi Dec, ¶ 9. Thus, because Serco Inc.'s activities predominate in the State of Virginia the "place of operations test" applies. Under this test, Serco Inc. is a citizen of Virginia. *See Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990).

      9.    <u>Defendant Serco Group's Citizenship</u>. Plaintiff names Serco Group as a defendant in each of his five causes of action. *See* Plaintiff's First Amended Complaint, ¶¶ 46-79. A corporation created under the laws of a foreign state is deemed a citizen of the foreign state. A foreign corporation is also a "citizen of the state" in which it maintains its principal

place of business. *JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 92 (2002). Serco Group is incorporated in the United Kingdom. See Rossi Dec., ¶ 10 ; *see also* Plaintiff's First Amended Complaint, ¶ 3. All of Serco Group's central operations, business units and its corporate headquarters are located in the United Kingdom. *See* Rossi Dec., ¶11. Thus, the "place of operations" test applies. *Tosco Corp.*, 236 F.3d at 500. Pursuant to this test, Serco Group is a citizen of the United Kingdom. *See* 28 U.S.C. § 1332(c)(1).

10. <u>Defendant Henry's Citizenship</u>. Plaintiff names Henry as a defendant in only two causes of action—Retaliation in Violation of CFRA and Intentional Infliction of Emotional Distress. *See* Plaintiff's First Amended Complaint, ¶¶ 67-79. Henry was at the time of the filing of this action, and still is, domiciled in New Jersey. *See id*. Henry is, therefore, a citizen of New Jersey. *See Kantor*, 704 F.2d at 1090.

11. <u>Defendant Hulbert's Citizenship</u>. Like Henry, Plaintiff only named Hulbert as a defendant in his Retaliation and Intentional Infliction of Emotional Distress Causes of Action. *See* Plaintiff's First Amended Complaint, ¶¶ 67-79. Hulbert was at the time of the filing of this action, and still is, domiciled in Virginia, and is thus a citizen of Virginia. *See id.*, ¶ 10; *see also Kantor*, 704 F.2d at 1090.

12. <u>Defendant Sanchez's Citizenship</u>. Again, Plaintiff has only named Sanchez as a defendant his Retaliation and Intentional Infliction of Emotional Distress Causes of Action. *See id.* at ¶¶ 67-79. Sanchez was at the time of the filing of this action, and still is, domiciled in San Diego, California. *See id.* at ¶ 9. Thus, Sanchez is a citizen of California. *See Kantor*, 704 F.2d at 1090. However, as explained below, Sanchez's citizenship is irrelevant for purposes of this Removal.

13. <u>Doe Defendants</u>. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

///

///

///

## BECAUSE SANCHEZ IS A SHAM DEFENDANT, HER CITIZENSHIP IS IRRELEVANT

14. <u>Joinder of Sanchez Is Fraudulent</u>. For the reasons explained herein, Sanchez is not properly named as party because Plaintiff cannot establish liability against her. A defendant, who has been fraudulently joined, such as Sanchez, must be disregarded for removal purposes. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F. 2d 549 (9th Cir. 1983) (court may disregard joinder and retain jurisdiction where joinder of non-diverse defendant is only a fraudulent device to prevent removal).

A defendant does not have to show that the joinder was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319; *see also McCabe*, 811 F.2d 1336 (holding that discharged employee failed to state cause of action against individual supervisors, under California law, and thus their joinder of defendants was sham and their presence did not destroy diversity).

15. <u>Plaintiff's Claims Against Sanchez Are Not Actionable</u>. As explained above, the causes of action against Sanchez are: (1) Retaliation in Violation of the CFRA; and (2) Intentional Infliction of Emotional Distress. None of these claims are actionable as to this individual Defendant.

16. <u>Retaliation Claims Are Not Actionable Against Individuals</u>. Squarely addressing the issue of individual liability, the California Supreme Court has recently held that supervisors or managers cannot be liable for employment retaliation under the Fair Employment and Housing Act. *Jones v. Lodge at Torrey Pines Partnership et al.*, 42 Cal. 4th 1158 (2008). Because Plaintiff's claim for retaliation is plead under CFRA, and because CFRA is a part of the Fair Employment and Housing Act, Plaintiff's retaliation claim against Sanchez is without merit.

1  See CAL. GOVT. CODE §12940 *et seq.* As such, joinder of Sanchez as a defendant in this cause
2  of action is fraudulent. *McCabe*, 811 F.2d at 1339.

3      17.    <u>Plaintiff's Intentional Infliction of Emotional Distress Claim Against Sanchez
4  Cannot Stand</u>. Plaintiff does not plead unique facts in support of his claim for Intentional
5  Infliction of Emotional Distress. Instead, this cause of action is based on the same set facts plead
6  to support Plaintiff's other claims—all of which relate to personnel decisions. A simple pleading
7  of personnel management activity is insufficient to support a claim of intentional infliction of
8  emotional distress, even if improper motivation is alleged. *Janken v. GM Hughes Electronics*, 46
9  Cal. App. 4th 55, 80 (1996). Moreover, where an Intentional Infliction of Emotional Distress
10 claim derives from employment actions involving termination, demotions or criticisms of work
11 practices, the alleged conduct is deemed "a normal part of the employment work relationship"
12 and is, therefore, barred by the exclusive remedy of the Workers' Compensation Act. See CAL.
13 LABOR CODE § 3602; *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160 (1987). Thus,
14 Plaintiff cannot state a cause of action against Sanchez for Intentional Infliction of Emotional
15 Distress. As such, Plaintiff has fraudulently joined Sanchez as a defendant in this cause of
16 action. *McCabe*, 811 F.2d at 1339.

17     Because Plaintiff has not alleged any cause of action against Sanchez that could possibly
18 lead to the imposition of liability in her individual capacity, Sanchez's citizenship must be
19 disregarded for purpose of determining whether the parties are diverse. In short, Defendant
20 Sanchez's citizenship no longer prevents this Court from accepting removal of this case based on
21 diversity jurisdiction.

## AMOUNT IN CONTROVERSY

23     18.    <u>The Amount In Controversy Exceeds the Jurisdictional Limit</u>. While Defendants
24 deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied.
25 In the Complaint, Plaintiff alleges that he has suffered and continues to suffer damages,
26 including "lost earnings and other employment benefits" as well as "physical injuries, pain and
27 suffering and extreme and sever mental aguish." Plaintiff's First Amended Complaint, ¶ 49.
28 Plaintiff further alleges that he "has incurred and will continue to incur medical expenses for

treatment by physicians, psychiatrists, and other health professionals" *See id.* Additionally, Plaintiff prays for punitive damages. Plaintiff's First Amended Complaint, pg. 16:2. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th Cir. 1963). Finally, Plaintiff prays for attorneys' fees and costs. Plaintiff's First Amended Complaint, pg 17:9. If attorneys' fees are recoverable by statute or contract, then the fees claim is included in determining the amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982).

In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement). Accordingly, Plaintiff's alleged economic, compensatory, and punitive damages brings the total amount in controversy to a sum "more likely than not" exceeding $75,000.00, the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## ORIGINAL JURISDICTION

19. <u>This Court Possess Original Jurisdiction</u>. Under 28 U.S.C. § 1332(a)(3), this Court possesses original jurisdiction over this action because it involves an amount in controversy in excess of $75,000.00 and is between citizens of different states. Consequently, the case is properly removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## VENUE

20. <u>Venue lies in the Northern District of California</u>. This action was originally brought in the Superior Court of the State of California, County of San Francisco. All of the alleged wrongful conduct which Plaintiff complains of took place in San Francisco, California, which is located in San Francisco County. See Plaintiff's First Amended Complaint, ¶ 22-45. A civil action founded on diversity jurisdiction may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the wrongful conduct occurred. 28

1  U.S.C. § 1391(a). San Francisco County is part of the Northern District of California. 28 U.S.C.
2  § 84(a). Accordingly, venue is proper.

**NOTICE OF REMOVAL**

21.  <u>Compliance with 28 U.S.C. § 1446</u>. Pursuant to 28 U.S.C. § 1446(d), Defendants, concurrently with filing this Notice of Removal, are filing a Notice of Removal with the Clerk of the Superior Court for the County of San Francisco. In addition, Defendants are serving Plaintiff's Counsel with a copy of the Notice of Removal. Pursuant to section 1446(a), Defendants shall submit to the Court "a copy of all process, pleadings, and orders" served upon Defendants in such action.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.

DATED: May 30, 2008

SEYFARTH SHAW LLP

By _____
Michael J. Burns
Sharon Ongerth Rossi
Attorneys for Defendants
SERCO GROUP PLC, SERCO, INC.,
improperly sued as SERCO, INC. DE;
RAQUEL SANCHEZ; KEITH HULBERT;
and MIKE HENRY

SF1 28323516.2