| | |
|---|---|
| 1 | LAW OFFICES OF DAVID S. SECREST |
|   | A Professional Corporation |
| 2 | David S. Secrest, Esq. [State Bar #142299] |
|   | 504 Plaza Alhambra, Suite 201 |
| 3 | P. O. Box 1029 |
|   | El Granada, CA 94018-1029 |
| 4 | Tel: 650-726-7461 |
|   | Fax: 650-726-7471 |
| 5 | Attorney for Plaintiff |
|   | TIMOTHY SANOCKI |
| 6 | |
|   | SEYFARTH SHAW LLP |
| 7 | Michael J. Burns (SBN 172614) mburns@seyfarth.com |
|   | Dana L. Peterson (SBN 178499) dpeterson@seyfarth.com |
| 8 | Michael J. Burns (SBN 172614) mburns@seyfarth.com |
|   | Adrienne E. Nelson (SBN 209305) anelson@seyfarth.com |
| 9 | Sharon Ongerth Rossi (SBN 232725) srossi@seyfarth.com |
|   | 560 Mission Street, Suite 3100 |
| 10 | San Francisco, California 94105 |
|   | Telephone: (415) 397-2823 |
| 11 | Facsimile: (415) 397-8549 |
| 12 | Attorneys for Defendants |
|   | SERCO GROUP PLC, SERCO, INC., improperly sued as SERCO, INC. |
| 13 | DE; RAQUEL SANCHEZ;  KEITH HULBERT; and MIKE HENRY |

14    UNITED STATES DISTRICT COURT

15    IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| 16 | TIMOTHY SANOCKI, | ) | Case No. CV 08-2740  MHP |
|    |                  | ) | |
| 17 | Plaintiff, | ) | **JOINT CASE MANAGEMENT** |
|    |            | ) | **STATEMENT AND PROPOSED** |
| 18 | v. | ) | **ORDER** |
|    |    | ) | |
| 19 | SERCO GROUP PLC, SERCO, INC. DE, | ) | Date: September 8, 2008 |
|    | PAUL CARPMAEL, an individual, RAQUEL | ) | Time: 4:00 p.m. |
| 20 | SANCHEZ, an individual, KEITH HULBERT, | ) | Judge: Hon. Marilyn Hall Patel |
|    | an individual, MIKE HENRY, an individual, | ) | Place: Courtroom 15, 18th Floor |
| 21 | and DOES 1-50, inclusive, | ) | |
|    |                           | ) | |
| 22 | Defendants. | ) | |
|    |             | ) | |
| 23 | _____ | ) | |

24   Plaintiff TIMOTHY SANOCKI and Defendants SERCO GROUP PLC, SERCO, INC.,

25   improperly sued as SERCO, INC. DE; RAQUEL SANCHEZ;  KEITH HULBERT; and MIKE

26   HENRY (collectively "Defendants") submit this Joint Case Management Statement and

27   Proposed Order and request the Court to adopt it as its Case Management Order in this case.

28

1

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER / Case. No. CV 08-2740  MHP

1. **JURISDICTION AND SERVICE**

Plaintiff asserts causes of action against corporate defendants- his employer- that he was fired for reporting illegal campaign contributions to local political candidates for City Council in San Francisco- money laundering- by defendants, who forced employees to contribute cash to a candidate to the San Francisco City Council; and for taking an FMLA/CFRA Leave [Cal. Gov. Code §81002- Political Reform Act of 1974; CFRA- California Govt. Code §12945.2(a)]. Plaintiff further asserts causes of action against individual defendants, including one state resident, RAQUEL SANCHEZ, for Retaliation in Violation of the CFRA [California Govt. Code §§12940(h), 12945.2(l); 2 Cal.C.Regs. §7297.7]; and for Intentional Infliction of Emotional Distress.

Defendant contends that this Court has subject matter jurisdiction over this lawsuit 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and the matter in controversy exceeds $75,000.00, excluding interest and costs. All parties represented herein are subject to the Court's jurisdiction. Defendants reserve their right to oppose any motion to remand.

Plaintiff contends there are two existing, valid causes of action against the individual defendant RAQUEL SANCHEZ, negating diversity, and therefore remand is proper.

2. **FACTS**

   A. **Plaintiff's Statement of the Facts**

Plaintiff was employed by SERCO as a Contract Manager from January 1997 to his termination of employment on February 6, 2007. Plaintiff assumed full responsibility as Contract Manager for the day-to-day operations under a parking contract between the City and County of San Francisco's Municipal Transportation Authority and SERCO.

On October 27, 2006, former Defendant PAUL CARPMAEL instructed Plaintiff and two other SERCO employees (Alexiy Sukhenko and Andrew Kang) to provide CARPMAEL with personal checks in the form of campaign contributions to prospective politicians- candidates for San Francisco's City Council. CARPMAEL tried to reassure Plaintiff that, "according to the lobbyist," it was "common practice." Despite his concern, as instructed, Plaintiff made out two

1  (2) $250.00 checks to "Doug Chan for Supervisor."  CARPMAEL then instructed that Plaintiff
2  "run the expenditure thru company petty cash."

3        In November 2006, Plaintiff reported that CARPMAEL was placing the company at risk
4  by asking staff to write personal checks so he could, in turn, make unethical/illegal political
5  campaign contributions to local politicians, making such reports to SERCO Vice-President,
6  Defendant KEITH HULBERT; SERCO Human Resource Generalist, Defendant RAQUEL
7  SANCHEZ, SERCO; SERCO Finance Manager Allen Widdowson; and other Human Resources
8  staff and management staff.  Plaintiff's reports seemed, to Plaintiff, to be ignored by SERCO.
9  Plaintiff's November, 2006 reports to SERCO management constituted protected activity under
   California law, specifically Cal. Gov. Code §81002- Political Reform Act of 1974.

10       On December 5, 2006, Plaintiff made a formal complaint to the SERCO Ethics Hotline to
11 report CARPMAEL's unethical/illegal political campaign contributions to local politicians.
12 Plaintiff contacted SERCO Executive Rich Gilligan and explained that he had several incidents
13 to discuss with him.  Plaintiff reported the fact that CARPMAEL had asked staff to write checks
   from their personal bank so that he could attend political functions and make financial
14 contributions on behalf of SERCO.  Plaintiff reported the fact that he was instructed by
15 CARPMAEL to run the costs thru SERCO's petty cash accounts (and in one instance was given
16 a fuel receipt to be used in replace of one of the reimbursements).

17       As a result of CARPMAEL's activities in connection with the allegedly unethical/illegal
18 political campaign contributions, in December, 2006, Plaintiff was caused to become seriously
19 ill, due to stress.  On December 6, 2006, Plaintiff requested, through his heath care provider, to
20 take a medical leave of absence ("LOA") from SERCO.  On December 11, 2006, Plaintiff
21 submitted further medical documentation for his LOA Request from his treating health care
   provider.  On December 13, 2006, Plaintiff submitted a further application for his LOA Request.
22

23       While on LOA from SERCO, after making his report to SERCO's Ethics Representative
   Richard Gilligan, Plaintiff was advised by SERCO management that the incident was being
24 taken very seriously, that a committee had been appointed to review the case, and the outcome
25 was pending.  On December 14, 2006, Plaintiff attended a formal meeting regarding his ethics
26 complaint regarding CARPMAEL's unethical/illegal political campaign contributions at the San
27 Francisco offices of McKenna Long & Aldridge LLP ("Ethics Complaint Meeting").
28

On December 28, 2006, Plaintiff received from SERCO's authorized agent a denial of Plaintiff's LOA Request. SERCO's December 28, 2006 denial of Plaintiff's LOA Request asserted that the basis for the denial was: "No documentation was returned to certify the leave."

On February 6, 2007, SANCHEZ sent to Plaintiff a notice of Plaintiff's termination from employment with SERCO, which stated:

> Our records indicate that although you have applied for the leave, to date you have not provided documentation to certify the leave. Since you did not provide the documentation, Serco's third party administrator, Matrix Absence Management Inc., sent you a denial of benefits notice on December 28, 2006.
> Due to realignments of business responsibilities within Serco, we had made the decision to eliminate the Contract Manager position in San Francisco shortly before you announced your leave in early December. Because you have now exhausted your paid leave, we need to move forward with the elimination of the Contract Manager Position and formal separation of your employment with Serco. Your status as a Serco employee will terminate on February 9, 2007.

In fact, public records obtained during this lawsuit indicate that the "Contract Manager position" was not eliminated. Additionally, the assertion that Plaintiff had "not provided documentation to certify" his LOA is also false.

Plaintiff therefore asserts causes of action for Wrongful Termination in Violation of Public Policy [Cal. Gov. Code §81002- Political Reform Act of 1974; CORA- California Govt. Code §12945.2(a)]; Violation of Rights under the California Family Rights Act ("CORA") [California Govt. Code §12945.2(a)]; Discrimination and Discharge in Violation of the CORA [California Govt. Code §§12940(h), 12945.2(l); 2 Cal. Code Regs. §7297.7]; Retaliation in Violation of the CFRA [California Govt. Code §§12940(h), 12945.2(l); 2 Cal. Code Regs. §7297.7]; and Intentional Infliction of Emotional Distress.

### B.    Defendant's Statement of the Facts

Defendants deny Plaintiff's characterization of the events leading up to his termination. Serco, Inc. ("Serco") terminated Sanocki's employment because his position was eliminated, and not for any wrongful purpose nor with any wrongful motivation.

Serco provides management services to governments and commercial companies, from management consulting to actually managing programs for the customer. Sanocki worked for Serco as the contract manager for its parking contract with the City of San Francisco. Sanocki alleges that on October 27, 2006, allegedly at the instruction of his supervisor, he made a

political contribution to a municipal politician's campaign and was reimbursed from Serco's petty cash account. Sanocki did not report potentially improper campaign contribution to anyone at the time.

One month later, on November 29, 2006, and without any knowledge of his allegedly improper political campaign contribution, Serco made the decision to eliminate Sanocki's position. As a part of the reorganization, Sanocki's supervisor was to take over Sanocki's duties in addition to his own duties.

Only after Serco made the decision to eliminate his position did Sanocki, on December 5, 2006, call Serco's Ethics Hotline to notify the company about the potentially improper political campaign contribution. Serco promptly began an investigation regarding Sanocki's report.

The next day, December 6, 2006, Sanocki went out on leave stating he was seeing a chiropractor and was wearing a back brace. He said that he was unsure when he could resume working. Defendant Raquel Sanchez sent him a leave of absence packet which he was to complete and submit to a third party administrator, Matrix, who was solely responsible for decisions regarding leaves of absence. Despite two reminders from Sanchez to submit his leave paperwork, Sanocki failed to submit the forms to Matrix and thus, Matrix initially denied his leave. Sanocki appealed the denial and Matrix later reversed its decision, granting Sanocki's leave.

Meanwhile, Serco's independent decision to eliminate Sanocki's position went into effect and, on February 6, 2007, Sanchez wrote a letter to Sanocki indicating that Serco had eliminated his position and that his status as a Serco employee would be terminated on February 9, 2007.

That same day, February 6, 2007, Defendant Keith Hulbert spoke to Sanocki and encouraged him to look at the company's website for open positions for which he was qualified. Sanocki indicated that he was still under the care of a chiropractor for his back and could not work, and did not know when he could return to work.

On May 10, 2007, Plaintiff filed his DFEH complaint alleging that he was fired on February 6, 2007 and denied family or medical leave because of his physical disability and in retaliation for protesting/participating in the campaign contribution investigation. He requested

an immediate right to sue letter, which the DFEH issued on May 23, 2007. Sanocki then filed this lawsuit.

3. **LEGAL ISSUES**

    A. **Plaintiff's Statement of Legal Issues**

    1. Whether Defendant SERCO was motivated, in its decision to fire Plaintiff, by either his reports of illegal money laundering and campaign violations, or his request for Leave of Absence under the CFRA.

    2. Whether Plaintiff's rights under the CFRA were violated;

    3. Whether any Defendant caused Plaintiff to suffer adverse employment action ("retaliation") as a result of his reports of illegal money laundering and campaign violations, or his request for Leave of Absence under the CFRA; and

    4. Whether any Defendant caused Plaintiff to suffer severe emotional distress.

    B. **Defendant's Statement of Legal Issues**

    Based on Plaintiff's above representation of its claims and potential claims, among the legal issues in this case are:

    1.    Whether Sanocki's termination was wrongful;

    2.    Whether Defendants violated a "public policy" in terminating Plaintiff;

    3.    Whether Defendants violated the California Family Rights Act by terminating Sanocki;

    4.    Whether Defendants discriminated against Sanocki;

    5.    Whether Defendants retaliated against Sanocki;

    6.    Whether Defendants caused Sanocki to suffer legally recognizable emotional distress.

4. **MOTIONS**

Plaintiff's counsel has indicated that he intends to file a motion to remand (which Defendants will oppose.) The parties have filed no prior or pending motions before this Court. Defendants anticipate that they may file a dispositive motion if the facts and law warrant it.

6
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER / Case. No. CV 08-2740 MHP

## 5. AMENDMENT OF PLEADINGS

The complaint before this Court is Plaintiff's First Amended Complaint, filed in the Superior Court on August 10, 2007.

## 6. EVIDENCE PRESERVATION

Both parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including preservation of any electronically recorded material.

## 7. DISCLOSURES

The parties intend to exchange their Initial Disclosures by October 1, 2008.

## 8. DISCOVERY

The parties exchanged written discovery prior to the removal of this case. Defendants began, but did not complete, Sanocki's deposition. Regarding the remaining discovery, the parties have agreed to the following discovery plan.

### A. Non-expert discovery

Plaintiff intends to file a motion seeking an order compelling further discovery responses. Prior to removal, Plaintiff filed in the state court action a motion to compel further discovery responses. That motion was originally set for hearing on May 21, 2008, and was continued on Order of the Court to June 12, 2008. On May 8, 2008, Defendants filed an opposition to the motion. On May 30, 2008, 12 days before the motion was heard, Defendants removed this action.

Plaintiff intends to acquire documentation from third parties, and conduct depositions of principles. Plaintiff would like to undertake discovery over the next two months. Defendants object to conducting any discovery in light of Plaintiff's stated intention to file a motion to remand. Following receipt of the Court's ruling on any such motion, Defendants intend to complete Sanocki's deposition, which Defendants believe will require one seven-hour day of actual deposition time. Defendants will conduct additional depositions as necessary. If the circumstances warrant, Defendants anticipate that they will conduct one or more independent medical examinations to evaluate any emotional distress claimed by Sanocki.

Other than as described above, the parties do not propose any limitation on, or change in, the number of discovery requests or the duration of discovery, other than what the Federal and Local Rules already provide. The parties do not propose any limitation on the subject matter of discovery, other than what the Federal and Local Rules already provide.

### B.  Expert discovery

The parties may designate experts as necessary, and they may determine to depose each other's designated experts. The parties request that the Court consider setting deadlines for experts relating to damage issues after the time at which dispositive motions would be decided, so the parties can avoid the expense of damage experts if the case is disposed of via motion practice.

### C.  Deadlines for completion of discovery

Plaintiff proposes the following discovery deadlines:

Written discovery completed by: October 31, 2008

Depositions completed by: November 30, 2008

Experts (liability) deposed by: December 30, 2008

Experts (damages) deposed by: December 30, 2008

As Plaintiff's counsel has informed defense counsel that he intends to file a motion to remand this case to the Superior Court, Defendants request any discovery deadlines allow sufficient time for the remand motion to be decided before any discovery would come due.

Therefore, Defendants propose the following discovery deadlines:

Written discovery completed by: February 27, 2009

Depositions completed by: April 24, 2009

Experts (liability) deposed by: May 29, 2009

Experts (damages) deposed by: August 28, 2009

## 9.  CLASS ACTION

Not applicable.

## 10.  RELATED CASES

None known.

**11. RELIEF**

Plaintiff seeks the following in damages:

Compensatory and general damages in an amount according to proof; punitive damages against all defendants under Civ. Code §3294; injunctive relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendants SERCO GROUP PLC, and SERCO, INC. DE conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and Housing Act ("FEHA"), the rights and remedies of those who allege a violation of the FEHA, and the employer's internal grievance procedures; statutory attorneys' fees and costs; prejudgment and post-judgment interest according to any applicable provision of law, according to proof; and costs of suit.

Defendant anticipates challenging Plaintiff's alleged damages on several grounds, including failure to mitigate and Plaintiff's own conduct resulting in his alleged damages.

**12. SETTLEMENT AND ADR**

The parties have engaged in informal settlement discussions; as yet unsuccessful. Defendants have agreed to participate in private mediation. Plaintiff has agreed to Court sponsored mediation under ADR Local Rule 6.

**13. CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties do not consent to a magistrate judge.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF THE ISSUES**

At this time, it is unknown whether issues can be narrowed.

**16. EXPEDITED SCHEDULE**

Plaintiff consents to an expedited schedule at this time.

Defendants do not consent to an expedited schedule at this time.

**17. SCHEDULING**

See section 8(C) above.

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER / Case. No. CV 08-2740 MHP

1     Plaintiff proposes a dispositive motion hearing cutoff of December 30, 2008.

2     Defendants propose a dispositive motion hearing cutoff of July 31, 2009, and a trial date of November 2, 2009. Defense counsel has another trial currently scheduled to begin October 14, 2008.

**18. TRIAL**

The parties anticipate that the trial will last 7-10 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

None known.

**20. MATTERS THAT MAY FACILITATE THE DISPOSITION OF THIS MATTER.**

None known at this time.

DATED: September 3, 2008

LAW OFFICES OF DAVID S. SECREST
A Professional Corporation

By /s/ David S. Secrest
    David S. Secrest
Attorneys for Plaintiff
TIMOTHY SANOCKI

DATED: September 3, 2008

SEYFARTH SHAW LLP

By /s/ Adrienne E. Nelson
    Adrienne E. Nelson
Attorneys for Defendants
SERCO GROUP PLC, SERCO, INC., IMPROPERLY SUED AS SERCO, INC. DE; RAQUEL SANCHEZ; KEITH HULBERT; AND MIKE HENRY

# CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

The following deadlines will apply:

Written discovery completed by:

Depositions completed by:

Experts (liability) deposed by:

Experts (damages) deposed by:

Dispositive motion hearing cutoff:

Trial:

IT IS SO ORDERED.

Dated: _____           _____
                                          Hon. Marilyn Hall Patel

SF1 28333322.1 / 19646-000096

11 JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER / Case. No. CV 08-2740 MHP